*177
 
 Ham, Judge,
 

 delivered the opinion of the Court.— It is not necessary to enquire how far the assent ,of an execuior to a specific legacy adversely claimed by a third person having possession thereof, would enable the legatee to sue for and recover such legacy in his own name ; for it does not appear that there was an adverse possession of the legacy in question, before the assent of the executors of Peter Hines was given. The slaves wore loaned, in the first instance, to the father of the Plaintiffs, and then bequeathed to the Plaintiffs. Their right wras acknowledged by the father during his
 
 life;
 
 his possession, therefore, was the possession of Peter Hines during his life, and after his death, that of his executors. The father then, by his will, gave the same property to the Plaintiffs. It does not follow, that he, thereby set up a claim to it; for the property had been loaned to him, lie had been possessed of it for several years, and he might have thought that his children being of tender years, at the time of the loan, and some of them not born, might not know when they grew up, in whom the title was. He, therefore, confirmed by his will, the will of his father-in-law.
 

 The case recites a clause in the will of the father, by which he lends the whole of his property to his wife, for the purpose of educating his children, and raising the young negroes, until the coming of age or marriage of his children. Ry this clause, nothing beneficial is given to the
 
 wife",
 
 it was obviously inserted for the benefit of his children. Although he does not by this clause, make his wife testamentary guardian, he seems to have had such an intent. If he had carried this intent into effect, she ’would have been entitled to the slaves, during the minority of the children, unless they had sooner married. It seems, however, to have been his wish, that she should discharge in part the duties of guardian, and she must be considered as taking possession of the property for the benefit of the children. Her
 
 *178
 
 possession of it was not adverse to their right, and therefore there was no adverse claim at or before the time the
 
 executors
 
 of Peter Hines assented to the legaCy. By that assent, the right of the legatees to sue in their own names was complete; a right which no after adverse claim could destroy. It is not necessary that executors should have the actual possession of legacies when they assent to them. It is sufficient if the legacies be in the possession of third persons, holding such possession under them. If, however, the Court were mistaken on this part of the case, a new trial ought not to be granted; for complete justice has been done by the ver-diet, and if a suit was to be brought in the name of the executors of Peter Hines, it would be for the use of the present Plaintiffs, and the same verdict would be rendered. Let the rule be discharged.